City of Philadelphia, Appellant, *v.* Leo J. Mullin, Appellee.

Argued April 4, 1974, before Judges KRAMER, WILKINSON, JR. and BLATT, sitting as a panel of three.

*John M. McNally, Jr.,* First Deputy City Solicitor, with him *Nicholas Panarella, Jr.,* Assistant City Solicitor, *James M. Penny, Jr.,* Assistant City Solicitor, *John Mattioni,* Deputy City Solicitor, and *Martin Weinberg,* City Solicitor, for appellant.

*Yale B. Bernstein,* with him *Stanley Bashman* and *Bashman, Wertheimer, Kane, Manfredi & Byrne,* for appellee.

OPINION BY JUDGE KRAMER, May 29, 1974:

This is an appeal by the City of Philadelphia (appellant) from an order of the Court of Common Pleas of Philadelphia County reversing the Philadelphia Civil Service Commission's (Commission) denial of Regulation 32 benefits to Leo J. Mullin (claimant-appellee).[1]

Claimant-appellee filed a claim for temporary disability benefits under Regulation 32. He alleged that his disability from March 7, 1971 to July 20, 1971 was the result of an on-duty automobile accident which occurred on March 5, 1971. Claimant-appellee, a detective on appellant's police force, was on his way to a court hearing when the accident occurred. Although he went to the hearing, he did not return to work afterwards. Instead, he went home and later in the day was examined by a private physician. Thereafter he was hospitalized from March 6, 1971 (an off-duty day) until March 18, 1971. Claimant-appellee submitted notes

---

[1] This is one of a package of 16 appeals from the Court of Common Pleas of Philadelphia County. All 16 cases are concerned with City of Philadelphia policemen, the Philadelphia Civil Service Commission, and Regulation 32 of the Philadelphia Civil Service Commission. Questions concerning the general procedural and substantive law to be applied in all 16 cases were dealt with in *City of Philadelphia v. Hays,* 13 Pa. Commonwealth Ct. 621, 320 A. 2d 406 (1974). Our holdings in *Hays* on such general matters are equally applicable here.

from two doctors. Dr. Whitman diagnosed his condition as "acute cervical sprain." Dr. Kodroff's diagnosis was as follows: "Acute cervical sprain, post concussion syndrome; contusions of chest; cardiac contusions with resultant Angina Pectoris." The police department submitted the report of Dr. Cohen who had examined claimant-appellee on July 15, 1971, at the department's request. Dr. Cohen's report stated, *inter alia,* that: "This detective was noted to have frequent premature contractions following an automobile accident. He continues to have premature ventricular contractions at the present time. It is considered *possible* that these premature contractions antedated his auto accident but there are no electrocardiograms to verify this. He is asymptomatic at the present time. There would appear to be no clinical reason for his not returning to active duty subject to re-examination in three months at your request." (Emphasis added.)

The Police Commissioner denied the claim, and claimant-appellee appealed to the Commission, which also denied the claim. The Commission concluded that claimant-appellee had not met his burden of proving that his disability was service connected. Claimant-appellee appealed to the Court of Common Pleas, which reversed the Commission and sustained his appeal.

The lower court determined that the Commission's conclusion that claimant-appellee's disability was not service connected was not supported by "any substantial evidence." The lower court went on to note the Commission's reliance on Dr. Cohen's diagnosis amounted to a "distortion of what he said in his report." The lower court then concluded that the doctors' opinions and the time relationship between the traumatic experience and the disability established a direct causal relationship.

Our scope of review, when the lower court has taken no additional evidence, is limited to a review of the

Commission's adjudication. We must determine whether the Commission has abused its discretion or committed an error of law. *See City of Philadelphia v. Hays*, 13 Pa. Commonwealth Ct. 621, 320 A. 2d 406 (1974). More specifically, when the Commission's decision is against the party with the burden of proof, the test on appellate review is whether the Commission's findings are consistent with each other and with its conclusions and can be sustained without a capricious disregard of evidence. *See Whitehead v. Casey Building Wrecking, Inc.*, 6 Pa. Commonwealth Ct. 256, 294 A. 2d 215 (1972). In order to reverse the Commission because it capriciously disregarded evidence, the reviewing court must determine that the Commission's action was so flagrant as to be repugnant to a man of reasonable intelligence. *See Bear v. Hartan's Sales & Service*, 9 Pa. Commonwealth Ct. 139, 304 A. 2d 178 (1973).

Our review of the record in this case leads us to conclude that the Commission capriciously disregarded competent evidence. There is nothing in the record which seriously challenges or refutes the diagnosis of claimant-appellee's doctors; i.e., "acute cervical sprain, post concussion syndrome; contusions of the chest; cardiac contusions with resultant Angina Pectoris." The appellant's brief even acknowledges that Dr. Cohen agreed that claimant-appellee had suffered an acute cervical sprain. Furthermore, we must agree with the lower court that the time sequence from trauma to disability (which is well established in the department's records) can be used to establish causation.

Therefore the order of the lower court sustaining claimant-appellee's appeal is affirmed.