Peter Albano, Chief of Police, Appellant, *v.* Civil Service Commission of the Borough of McAdoo, Appellee.

334

Argued March 5, 1974, before President Judge Bow-
MAN and Judges CRUMLISH, JR., KRAMER, WILKINSON,
JR., MENCER, ROGERS and BLATT.

*Fred C. Pace*, with him *Noonan, Pace & Noonan*, for
appellant.

*James F. Geddes, Jr.*, with him *Benjamin R. Jones,
III*, and *Joseph Holochuk*, for appellee.

OPINION BY JUDGE CRUMLISH, JR., June 4, 1974:

This is an appeal from a decision of the Court of Common Pleas, Schuylkill County, sustaining the dismissal of the Chief of Police of the Borough of McAdoo, Peter Albano (Appellant).

A newly organized Borough Council in January, 1972, through the Chairman of its Police, Fire and Light Committee, issued directives to the Appellant outlining duties the Committee wanted the Chief of Police and the police force to undertake. On February 25, 1972, additional correspondence from the Chairman of the Committee expressed further recommendations to the Appellant on police procedure. On March 6, 1972, these recommendations were enacted into an official borough ordinance. On March 7, 1972, Appellant informed Borough Council it was his understanding that Council had the power only to determine weekly hours and that all other matters concerning police procedures were under supervision of the Mayor. Appellant also suggested that "the Mayor, Police Committee, and myself (Appellant) sit down and iron out the difficulties."

On April 12, 1972, Appellant was involved in an altercation with borough employees who were in the process of placing "No Parking" signs in front of his barber shop. The Appellant, feeling such activity was harassment on the part of the borough council, forcibly prevented the workers from erecting the signs, and in admonishing the men, uttered a series of what are commonly known as "four letter" words.

On April 24, 1972, Appellant was dismissed by the Borough Council. The reasons cited by Council for this action were (1) Appellant's refusal to follow Council's directives and Ordinances relating to police duties, and (2) conduct unbecoming an officer relative to the events of April 12, 1972. Formal hearings were held by the Civil Service Commission, Borough of McAdoo, and on June 12, 1972, the Commission sustained the dismissal

of the Appellant. This decision was appealed to the Court of Common Pleas of Schuylkill County, which in an Opinion and Order dated August 13, 1973, affirmed the determination of the Commission. Appellant appeals this decision to this Court.

Our scope of review in an appeal of this nature is to look beyond the jurisdiction of the court below and the regularity of the proceedings, to determine, by examination of the testimony, whether the findings are supported by evidence or whether the court was guilty of an abuse of discretion in such connection or an error of law. *Bell Appeal*, 396 Pa. 592, 152 A. 2d 731 (1959) ; *Kramer v. City of Bethlehem*, 5 Pa. Commonwealth Ct. 139, 289 A. 2d 767 (1972).

Before analyzing the merits of this particular appeal, we feel constrained to remark, as did the court below, that the parties here involved have used the judicial system to further a running conflict between those in authority in the Borough of McAdoo. Personality conflicts and lack of any communication between the parties have resulted in timely and costly litigation. Unhappily all these things could have been avoided had cooler and wiser heads presided over the tumult.

Testimony tells us that Appellant refused to comply with certain Council directives, and the ordinance which encompassed these directives. Appellant's refusal was based on his determination that the Mayor was his "boss" and it was the Mayor alone who had control of the chief of police and the police force.

Section 1121 of The Borough Code, Act of February 1, 1966, P. L. (1965) 1656, *as amended*, 53 P.S. §46121, outlines the respective powers of the Borough Council and the Mayor in relation to the chief of police and other police officers. This Section grants to the borough councils the authority to "appoint and remove or suspend, or reduce in rank, one or more suitable per-

sons, citizens of this Commonwealth, as borough policemen" and to "designate one of said policemen as chief of police." The "burgess," now the mayor, in contrast, has "full charge and control of the chief of police and the police force" and he has the power to direct "the time during which, the place which, and the manner in which, the chief of police and the police force shall perform their duties."

In *Salopek v. Alberts,* 417 Pa. 592, 209 A. 2d 295 (1965), the Supreme Court of Pennsylvania analyzed this language, and determined that the Borough Council had the power to designate the *duties* of the police chief while the Mayor had the authority to direct the *manner* in which council- appointed duties were performed.

The main directive to Appellant contained in the March 6, 1972, motion passed by Council was for Appellant to maintain a daily log of all police activities, including the starting and quitting time of all police officers, and the various police activities performed while on duty. Since we view this as an additional duty for the Appellant, it was within the Council's province, and the Appellant failed to satisfy a proper councilmanic order.

It is obvious that the Appellant was caught in the middle of a dispute between Council and the Mayor and he chose to follow the orders of the Mayor. As we now interpret *Salopek, supra,* this was error. However, we cannot, in view of the technical distinction between "duties" and "manner" of performance of these duties, rest our decision solely on Appellant's refusal to maintain a daily log.

Thus we turn to the incident of April 12, 1972, involving the Appellant and members of the Borough's street department which resulted in a determination of the Civil Service Commission and the court below

that the Appellant was guilty of "conduct unbecoming an officer."[1]

The phrase "conduct unbecoming an officer" has been defined as ". . . any conduct which adversely affects the morale or efficiency of the bureau to which he is assigned. It is indispensable to good government that a certain amount of discipline be maintained in the public service. Unbecoming conduct is also any conduct which has a tendency to destroy public respect for municipal employees and confidence in the operation of municipal services. It is not necessary that the alleged conduct be criminal in character nor that it be proved beyond a reasonable doubt." *Zeber Appeal,* 398 Pa. 35, 43, 156 A. 2d 821, 825 (1959).

Without getting into the sordid details of the altercation that took place here, we think it obvious that Appellant's actions amount to conduct unbecoming an officer. Appellant admits that when he saw the borough employees erecting the sign in front of his barber shop, he picked up a shovel and swung it, although he had no intention of striking anyone. Further testimony reveals that Appellant refilled the hole dug for the sign and struck a bucket of cement with the shovel. In addition, Appellant voiced his disapproval of this action in language which can only be described as "foul."

The Appellant's justification for this tirade was that he was being "harassed" by Borough Council and that the borough employees had no legal authority to put a "no parking" sign in front of his barber shop.

It must not be forgotten that we are analyzing the actions of a Chief of Police of the Borough of McAdoo. A chief of police should be the last to resort to violence, when other legal avenues of which he should well be aware, are available to correct the wrong.

---

[1] Section 1190 of The Borough Code states that a police officer may be removed for "conduct unbecoming an officer."

Appellant, here, however, has failed to follow the proper channels and police procedure and he took it upon himself to prevent the borough employees from performing their ordered duty. Appellant's actions destroyed public respect for him and adversely affected the efficiency of the police force, and so we affirm the court below where it found that he was guilty of conduct unbecoming an officer, and that he was properly dismissed as Chief of Police of the Borough of McAdoo.

Order affirmed.