Elliott Richter, Appellant *v.* Civil Service Commission of The City of Philadelphia and Philadelphia Police Department.

Argued April 6, 1978, before Judges Wᴵᴸᴷᴵɴꜱoɴ, Jʀ., Bʟᴀᴛᴛ and DiSᴀʟʟᴇ, sitting as a panel of three.

*L. Bruce Hoffman,* with him *Howard M. Goldsmith,* and *Rosengarten and Goldsmith,* for appellant.

*Agostino Cammisa,* Assistant City Solicitor, with him *James M. Penny, Jr.,* Deputy City Solicitor, and *Sheldon L. Albert,* City Solicitor, for appellee.

Oᴘɪɴɪoɴ ʙʏ Jᴜᴅɢᴇ DiSᴀʟʟᴇ, May 18, 1978:

Elliott Richter (Appellant) was employed as a police officer with the City of Philadelphia from April,

1966, until his dismissal on August 30, 1974. Approximately two weeks previous to this date, the Police Commissioner of Philadelphia County sent Appellant a Notice of Intention to Dismiss, enumerating therein the charges against him. On August 25, 1974, Appellant, by writing, answered these charges and requested a departmental hearing. The Notice of Dismissal, reiterating the charges in the Notice of Intention to Dismiss, subsequently issued. Appellant then filed, on September 13, 1974, an appeal to the Civil Service Commission of Philadelphia (Commission). Hearings were held before the Commission on January 23, 1975, and on April 1, 1975. An adjudication, sustaining the Police Commissioner's action and denying Appellant's appeal, was thereupon filed by the Commission on September 15, 1975. Appellant then appealed to the Court of Common Pleas of Philadelphia County. That Court, on September 13, 1976, denied the appeal. This appeal followed.

Appellant was dismissed for conduct unbecoming an officer. This was based upon the following: he was observed by members of the Internal Affairs Bureau in a private drinking club accepting drinks without paying for them; he permitted service and consumption of alcoholic beverages in the club after the legal closing time by failing to take action to stop such activity; he was observed associating with Darlene Cecil, a known prostitute, with whom, during the period in question, he engaged in frequent sexual relations; he engaged in sexual relations in his living room with a woman named "Diane" while Darlene Cecil looked on; and finally, that he permitted this woman (Diane) to use his home for the use of narcotics. The Commission determined that these occurrences constituted just cause for Appellant's dismissal.

Section 8(b) of the Local Agency Law, Act of December 2, 1968, P.L. 1133, *as amended,* 53 P.S. §11308, limits our scope of review in appeals from the Civil Service Commission. We must affirm the adjudication unless Appellant's constitutional rights have been violated, an error of law committed, the provisions of the Local Agency Law were violated in the proceeding before the agency, or the findings of fact are not supported by substantial evidence. *Harrington v. Philadelphia Civil Service Commission,* 4 Pa. Commonwealth Ct. 580, 287 A.2d 912 (1972).

The Philadelphia Home Rule Charter provides:

Any dismissal or demotion after the completion of the required probationary period of service, or suspension of any employee in the civil service shall be for just cause only.[1]

Appellant challenges the "just cause" standard since it is not defined with particularity in the Charter. He maintains that unless prior standards have been established which clearly set forth conduct which will result in dismissal or other disciplinary action, an employee cannot be deprived of his Civil Service protection.

While it is true that no categorical definition exists in the Charter, some guidelines have been provided. Neither political, religious, or racial reasons, nor labor union activity, lawful under the Charter for municipal employees, can afford a basis for dismissal.[2] Furthermore, the Supreme Court of Pennsylvania in *O'Gorman's Appeal,* 409 Pa. 571, 576-77, 187 A.2d 581, 583-84 (1963), defined "just cause" as follows:

'What constitutes ample [just] cause for removal . . . must necessarily be largely a matter

[1] 351 Pa. Code §7.7-303.

[2] 351 Pa. Code §7.7-201, n.4.

of discretion on the part of the head of the department. To be sufficient, however, the cause should be personal to the employee and such as to render him unfit for the position he occupies, thus making his dismissal justifiable and for the good of the service.'

. . . All the law requires is that the cause be not religious or political, but concerned solely with the inefficiency, delinquency or misconduct of the employe. A wide latitude must be left to the superior officer—in fact a discretion conditioned on its exercise in good faith and not as a screen for some reason not based upon the fitness of the employe to fill the position.

We conclude, therefore, that there are sufficient standards to give "just cause" an understandable and reasonably precise meaning.

With regard to the conduct engaged in by Appellant, we note that off duty conduct may properly be considered in a charge of conduct unbecoming an officer. *Eppolito v. Bristol Borough,* 19 Pa. Commonwealth Ct. 99, 339 A.2d 653 (1975); *see Baker Case,* 409 Pa. 143, 185 A.2d 521 (1962). There is no distinction between "private" and "public" immorality or conduct which has any bearing on the instant decision. *Faust v. Police Civil Service Commission,* 22 Pa. Commonwealth Ct. 123, 347 A.2d 765 (1975). In *Faust,* where the dismissal of a police officer for commission of acts of adultery while he was off duty was upheld, we stated that police officers are held to a higher standard of conduct than other citizens. *Accord Fabio v. Civil Service Commission,* 30 Pa. Commonwealth Ct. 203, 373 A.2d 751 (1977). Appellant's presence in the club after legal closing hours and his promiscuous behavior under the present circumstances are actions

which could bring dishonor upon his profession and lead to a weakening of the public confidence and trust of which he is a repository. This conduct clearly amounted to just cause for his dismissal.

Appellant contends, however, that there was not substantial evidence supporting the findings and opinion of the Civil Service Commission. We disagree. Testimony was presented by Lieutenant Pfleger of the Internal Affairs Bureau and Darlene Cecil which was both detailed and extensive. Appellant also testified that during the period in question he had been present at the club, although he denied being present when after-hour liquor sales occurred, and admitted he had sexual relations with Darlene Cecil. We view the issue as being one of credibility, not of substantial evidence. Questions of credibility arising in Civil Service Commission hearings are to be determined by the Commission; a reviewing court may not substitute its conclusions in reviewing the Commission. *Leroi v. Civil Service Commission,* 34 Pa. Commonwealth Ct. 190, 382 A.2d 1260 (1978) ; *Gallagher v. Civil Service Commission,* 16 Pa. Commonwealth Ct. 279, 330 A.2d 287 (1974). In the present case, the Commission acknowledged it was faced with a credibility question.[3] It resolved the question against Appellant. Since a review of the record discloses the charges against Appellant

---

[3] The Commission summarized its findings in its opinion as follows: "In both instances the testimony against appellant is unrebutted and we consider credibility as the determinative factor. Lt. Pfleger had no motive to fabricate his testimony that appellant was in the club and not only had drinks after closing but observed others breaking the law ; also Miss Cecil's testimony concerning appellant's promiscuous activity is essentially unrebutted and credible. The charges against appellant have been established by credible, unrebutted evidence from two witnesses. We find the charges constitute just cause."

were established by credible evidence, we determine that his dismissal was proper.[4]

Accordingly, we affirm.

### ORDER

AND Now, this 18th day of May, 1978, the order of the Court of Common Pleas of Philadelphia County dated September 13, 1976, is affirmed.

---

[4] Appellant, in addition, maintains that since the Commissioners of the Civil Service Commission are appointed by the Mayor and the Police Commissioner is appointed by the managing director who is part of the Mayor's Cabinet and directly appointed by the Mayor, he did not have a fair and open-minded tribunal in which to present his case. He argues his case was further prejudiced in that the lower court did not independently review the evidence presented to the Commissioner. In his well-written opinion, Judge GELFAND recognized that his function was to conduct an independent review of the record of the Commission's hearings. In this regard, Judge GELFAND stated:

Viewing the testimony adduced at the hearing with these guidelines firmly in mind, we reach the inescapable conclusion that more than adequate evidence exists herein to support the Commission's findings. . . .

Consequently, we find no merit in Appellant's argument.