In Re: Appeal From Demotion of George J. Gettler, Sr., Police Officer, South Lebanon Township. George J. Gettler, Sr., Appellant.

Argued December 4, 1978, before Judges WILKINSON, JR., DISALLE and MACPHAIL, sitting as a panel of three.

*Kenneth C. Sandoe,* with him *L. E. Meyer,* and *Christianson and Meyer,* for appellant.

*Keith L. Kilgore,* with him *Spitler, Rowe and Kilgore,* for appellee.

OPINION BY JUDGE DISALLE, May 3, 1979:

This is an appeal by George J. Gettler, Sr. (Gettler), from the order of the Court of Common Pleas of Lebanon County, dated June 21, 1977. The somewhat unusual factual and procedural posture of this case follows.

Gettler began his service with South Lebanon Township (Township) as a part-time police chief on January 1, 1957. He was appointed to full-time police chief on January 1, 1960, and while he was the only member of the police force employed in a full-time capacity at that time, the force subsequently grew to where it now consists of a total of five, some-

times six, police officers. During this entire period, and up until February 25, 1976, Gettler had never been officially reprimanded, admonished, or criticized. On February 25, 1976, however, he was handed a formal notice of demotion by the Township Board of Supervisors (Board). Thereafter, Gettler filed an answer to the charges set forth in the notice of demotion, and requested a hearing.

A hearing on the demotion was held on March 17, 1976, and, at the conclusion thereof, the Board announced that it affirmed the demotion. On April 6, 1976, Gettler appealed the decision to the lower court. The Board thereafter filed preliminary objections in the nature of a demurrer. Relying on this Court's opinion in *Kretzler v. Ohio Township*, 14 Pa. Commonwealth Ct. 236, 322 A.2d 157 (1974), the lower court determined that the Local·Agency Law, Act of December 2, 1968, P.L. 1133, *as amended, formerly,* 53 P.S. §11301 et seq., repealed by the Judiciary Act Repealer Act, Act of April 28, 1978, P.L. 202, 42 P.S. §20001 et seq., governed the hearing afforded Gettler, notwithstanding his failure to specifically predicate his appeal thereon. The court then held that since Gettler had not been afforded an adequate opportunity to present a defense, he was entitled to a new hearing. Accordingly, the preliminary objections were dismissed and the case was remanded to the Township for further hearings.

These hearings were held on January 19, 26, and 27, 1977. On February 1, 1977, the Board confirmed its previous action of demotion. Gettler again appealed to the lower court. The court, without taking additional testimony, rendered a decision on June 21, 1977, restoring Gettler to his rank as chief of police for the period from February 25, 1976, to June 21, 1977. However, on the strength of what was characterized as "independent testimony," it also ordered

that Gettler be demoted from chief of police as of the date of its order. Gettler appealed this decision to our Court, challenging that part of the order demoting him, arguing that the lower court was without authority to make this independent determination. We agree.

Section 8 of the Local Agency Law, 53 P.S. §11308, sets forth the scope of review of courts of common pleas in appeals from final adjudications of local agencies. (A similar provision is now found at 2 Pa. C.S. §754.) The action taken by the Board on February 1, 1977, did, of course, constitute a final adjudication of a local agency. Section 2 of the Local Agency Law, 53 P.S. §11302, and 2 Pa. C.S. §101; *Kretzler v. Ohio Township, supra.* Section 8 provided as follows:

(a) In the event a full and complete record of the proceedings before the local agency was not made, the court may hear the appeal de novo, or may remand the proceedings to local agency for the purpose of making a full and complete record or for further disposition in accordance with the order of the court.

(b) In the event a full and complete record of the proceedings before the local agency was made, the court to which the appeal was taken shall hear the appeal without a jury on the record certified by the local agency. After hearing, the court shall affirm the adjudication unless it shall find that the same is in violation of the constitutional rights of the appellant, or is not in accordance with law, or that the provisions of this act have been violated in the proceeding before the agency, or that any finding of fact made by the local agency and necessary to support its adjudication is not supported by substantial evidence. If the adjudica-

tion is not affirmed, the court may set it aside
or modify it, in whole, or in part, or may re-
mand the proceeding to the local agency for
further disposition in accordance with the or-
der of the court.

Since a complete transcript was available, and coun-
sel for the parties agreed that no further testimony
was required, the court below did not hear the appeal
de novo. The proper scope of review to be applied
by the lower court in this case was, therefore, the
one contained in Section 8(b).

The court below reviewed the transcript of the
hearings held on January 19, 26, and 27, 1977, and
concluded that several violations of Gettler's consti-
tutional rights had occurred. Particularly, the court
found that an improper commingling of the investi-
gative, prosecutorial, and adjudicative functions had
occurred since the Board preferred charges, investi-
gated them, and decided the outcome; that the solici-
tor who drafted the charges for the Board also acted
as counsel for it throughout the entire case, including
the hearing; that there was actual bias on the part
of the members of the Board; and, that since each
Board member acted as a witness at the hearings,
each judged his own credibility and that of his col-
leagues in arriving at a decision. Pursuant to the
statutory mandate of Section 8(b), therefore, the low-
er court was obliged to set aside the Board's decision.
This the lower court properly did when it restored
Gettler to the rank of chief of police from February
25, 1976, to the date of its order.

However, as noted, the lower court proceeded fur-
ther and decided, on the basis of its examination of
the testimony of witnesses other than Board members
and of the official records of the police department,
that the charges against Gettler were substantiated.
It concluded that Gettler had neglected his official

duties and had engaged in conduct unbecoming an officer in violation of Section 2 of the Act of June 15, 1951, P.L. 586, *as amended*, 53 P.S. §812, commonly known as the Police Tenure Act. The court below thereupon ordered that Gettler be demoted as of the date of its order. This action was clearly in error as it contravened the dictates of Section 8(b), requiring a court to set aside or modify the agency action, or remand the proceedings as the case may be, if the adjudication is not affirmed. The decision by the lower court was not merely a modification of the Board's adjudication; it was, in effect, a de novo determination of the merits of the case. In a case such as this, a court of common pleas may not substitute its judgment for that of the local agency. *Springfield School District v. Shellem*, 16 Pa. Commonwealth Ct. 306, 328 A.2d 535 (1974). Accordingly, we are compelled to vacate that part of the lower court's order demoting Gettler.

Our next inquiry would normally involve an examination of Gettler's claim that the hearings held by the Board violated constitutional mandates. 2 Pa. C.S.§754. The lower court determined that serious constitutional violations had indeed occurred. Obviously, Gettler's appeal did not challenge that part of the court's order reinstating him to his former position. In the absence of an appeal by the Township, then, it is not necessary for us to address this issue.

Gettler is entitled, therefore, to be reinstated to his rank of chief of police and to receive back pay and all other benefits and emoluments of his office.

ORDER

AND Now, this 3rd day of May, 1979, that part of the order of the Court of Common Pleas of Lebanon County, dated June 21, 1977, restoring George J. Gettler, Sr., to the rank of chief of police of South

Lebanon Township from February 25, 1976, is affirmed; that part of the order demoting George J. Gettler, Sr., from the position of chief of police as of June 21, 1977, is reversed. It is further ordered that George J. Gettler, Sr., be reinstated to the rank of chief of police of South Lebanon Township and that he receive all back pay, benefits, and other emoluments of the office that are due him. This Order is without prejudice to the authority of the Board of Supervisors of South Lebanon Township to take further action against George J. Gettler, Sr., in the event it deems the same appropriate.