Civil Service Commission of Philadelphia, Appellant v. Fred Saladino, Appellee.

Argued October 5, 1979, before Judges WILKINSON, JR., DiSALLE and MACPHAIL, sitting as a panel of three.

*Joseph P. Ryan,* Assistant City Solicitor, with him *James M. Penny, Jr.,* Deputy City Solicitor, and *Sheldon L. Albert,* City Solicitor, for appellant.

*Alfonso Tumini,* with him *Armando A. Pandola, Jr.,* and *Davidson, Aaron & Tumini,* for appellee.

OPINION BY JUDGE WILKINSON, JR., November 9, 1979:

This is an appeal from an order of the Court of Common Pleas of Philadelphia County of April 7, 1978, which reversed a Philadelphia Civil Service Commission (Commission) decision dismissing the appellee for conduct unbecoming a police officer.

Appellee had been dismissed from the Philadelphia Police Department on March 20, 1976, by the Commissioner and had appealed his dismissal to the Commission. On December 14, 1976, after a hearing at which appellee did not testify, the Commission concluded that the appellee's conduct warranted a period of suspension without pay rather than a dismissal. The

police department then was granted a rehearing for the purpose of calling the appellee as on cross-examination; and on April 1, 1977, the Commission found that in view of new evidence in that testimony the charges set forth in the original dismissal notice had been established. Accordingly, the Commission reversed its prior decision and affirmed appellee's dismissal.

At the second hearing, appellee had testified that he was the guarantor under an oral lease which he had negotiated on behalf of his son in order for the son to establish an auto repair business. The leased property was situated in an area adjacent to appellee's normal sector and was frequently patrolled by him. Appellee denied any knowledge of any illegal activity but revealed that he was regularly at or near the premises, that he participated in the handling of checks and business receipts, and that he lived in the same household with his son during a period when the enterprise was under investigation by the police department. That investigation led to the arrest of appellee's son after several stolen and illegally towed vehicles were found on the business premises.

The findings on which the Commission's conclusion of dismissal was based included the following:

4. From the foregoing described participation in the enterprise appellant knew or should have known of the illegal transactions being conducted at the business premises.

5. It is inconceivable, under the circumstances, that appellant and his son failed to discuss the activities at the garage or that appellant was unaware his son was engaged in the transfer and sale of stolen and illegally towed motor vehicles.

An appeal was taken to the court of common pleas, which found that the Commission was bound to accept

the appellee's testimony as true and correct, since it was uncontradicted and not intrinsically improbable, and that neither this testimony nor any other provided substantial evidence for the appellee's dismissal. We disagree. Although the appellee testified to a lack of knowledge about his son's business, his overall testimony makes his denial incredible and therefore contradicts it. We conclude that the charge of conduct unbecoming an officer can be amply supported by the record when viewed in its entirety.

Under Section 8(b) of the Local Agency Law,[1] the court to which the appeal was taken was bound to affirm the appellee's dismissal unless it found,

> that the same is in violation of the constitutional rights of the appellant, or is not in accordance with the law, or that the provisions of this act have been violated in the proceeding before the agency, or that any finding of fact made by the local agency and necessary to support its adjudication is not supported by substantial evidence.

The same restrictions are applicable to this Court. *See Richter v. Philadelphia Civil Service Commission,* 35 Pa. Commonwealth Ct. 310, 387 A.2d 131 (1978).

Our Supreme Court has defined conduct unbecoming an officer as:

> any conduct which has a tendency to destroy public respect for municipal employees and confidence in the operation of municipal services. It is not necessary that the alleged conduct be criminal in character nor that it be proved beyond a reasonable doubt.

---

[1] Section 8(b) of the Local Agency Law, Act of December 2, 1968, P.L. 1133, *formerly* 53 P.S. §11308(b), repealed by Section 2(a) of the Judiciary Act Repealer Act, Act of April 28, 1978, P.L. 202, 42 P.S. §20002(a) [1429]. A similar provision is now found in 2 Pa. C.S. §754(b).

*Zeber Appeal,* 398 Pa. 35, 43, 156 A.2d 821, 825 (1959). *See Eppolito v. Bristol Borough,* 19 Pa. Commonwealth Ct. 99, 339 A.2d 653 (1975); *see also Albano v. Civil Service Commission of the Borough of McAdoo,* 13 Pa. Commonwealth Ct. 333, 320 A.2d 385 (1974). Clearly the appellee's association and familiarity with his son's business pursuit while holding the position of a police officer would give him reason and opportunity to know of the illegal activities occurring on the premises and would discredit his future reliability as a public servant. The Commission's evaluation of the appellee's testimony denying knowledge or collusion was proper in this regard, despite the general rule that testimony of a witness as on cross-examination is binding if not contradicted or impeached. *See Capecci v. Liberty Corp.,* 406 Pa. 197, 176 A.2d 664 (1962). After hearing appellee's testimony, the Commission logically found that his stated unawareness of the illegal activity surrounding him was inconceivable in light of the remainder of his testimony. Such questions of credibility arising in Commission hearings are to be determined by the Commission, and a reviewing court may not substitute its conclusions for those of the Commission. *Leroi v. Philadelphia Civil Service Commission,* 34 Pa. Commonwealth Ct. 190, 382 A.2d 1260 (1978).

We are satisfied that the record and inferences drawn therefrom support with substantial evidence the Commission's conclusion that dismissal was warranted by the circumstances. Accordingly, we will enter the following

### Order

And Now, November 9, 1979, the order of the lower court is reversed and the final decision of the Civil Service Commission, dated April 1, 1977, is reinstated.

Judge DiSalle dissents.