## Veit v. North Wales Borough Council

*James R. Caiola,* for appellant.
*Roger B. Reynolds, Jr.,* for appellees.

SALUS, *J.,* January 30, 1980—This matter comes before the court on appeal from an order and decision of the Civil Service Commission of the Borough of North Wales dismissing Police Officer Kenneth C. Veit from the police force of North Wales Borough. This order with one dissent was signed on November 2, 1979. This decision of the Civil Service Commission affirmed the motion and order of the Borough Council of North Wales of July 19, 1979, dismissing Kenneth C. Veit from the police department therein.

The factual background of this matter is that Kenneth C. Veit was the Chief of Police of the Borough of North Wales for six and one-half years and a police officer for 15 years prior to his dismissal. On May 30, 1979, ordinance no. 541 was passed by the borough council and the essence of same was the abolition of all rank within the police department and the reduction of all of the present personnel to the role of patrolman. This ordinance 541 was vetoed by the mayor on June 21, 1979, and his veto was overridden by a vote of council registered as six to two on June 21, 1979. The validity of this ordinance is not an issue before this court.

After the override of the veto, council through its agent and by letter dated June 21, 1979, demanded that the former chief cease and desist from using all trappings of his former rank including his *gold* chief's badge, his *gold* buttons on his uniform, all uniform insignias, and all former identification cards. The former chief was directed to turn over these trappings of rank to the mayor on or before Thursday, June 28, 1979.

Thereafter, on June 22, 1979, the mayor of the Borough of North Wales caused a written memorandum to be posted by the duty officer that all personnel would ignore the ordinance and "display the rank of office" until such time as new uniforms were issued. The mayor gave this order so that the old uniforms would not display the loss of the trappings of rank. Letters of June 25, 1979, to this effect were directed to Veit and Ciccocelli and never rescinded. Likewise, oral conversations backed up the directives.

Later on July 10, 1979, Councilman Homan wrote Kenneth C. Veit that it was essential that all badges, uniforms, insignias and identification

cards designating rank be removed from uniforms and returned to the borough office and that a failure to comply would constitute a disciplinary matter. Yet, the mayor's directive contrary to this remained in effect. Prior to that on July 5, 1979, at 1:45 p.m. Councilman Gibbs, in the company of Borough Manager Martin, appeared with a patrolman badge and proffered same to Veit who refused to sign for it, but took it and refused to return his chief's badge. The reason given was he got the chief's shield from the mayor and would only return it to him. He was wearing at the time all his former evidence of rank. Again on July 17, 1979, Mr. Wark, a councilman, also saw Veit wearing a uniform with evidence of rank. All reports, save one, after the ordinance was passed were signed by Veit in a space designated "Supervising Officer" but were not signed with the designation *"Chief."*

As a result of the demands of council, its determination that its orders were not being followed and the countermand of Mayor Schiele which were not rescinded, borough council by letter dated July 20, 1979, removed Officer Veit from the police force effective 3:00 p.m. on said date. Nine reasons supporting removal for conduct unbecoming an officer were originally given by borough council. From the dismissal, Officer Veit appealed to the Civil Service Commission. Since the basis for dismissal originally was twofold, to wit, failure to return borough equipment and violation of ordinance 541 and then extended to other written charges, the other written charges not originally given must fall, if not on other grounds, certainly on due process constitutional grounds. Therefore, the Civil Service Commission had as issues before them only the following: (1) Did Officer Veit violate ordinance 541?

(2) Did Veit refuse to return borough equipment?
(3) Was violation of 1 or 2 or both of the above "conduct unbecoming an officer?"

Before this court gets to the propriety of the ultimate issue, we must point out some of the political chicanery that is a matter of record. At the time in question, the head of borough council was married to one of the members of the Civil Service Commission and the head of borough council was originally instrumental in the passage of ordinance 541 abolishing rank. While such relationship does not necessarily import conflict of interest and further borough council could have one of its members on the Civil Service Commission (see Gabauer v. Civil Service Commission, 6 Pa. Commonwealth Ct. 646, 297 A. 2d 507 (1972)), under the present circumstances the free agency of the Civil Service Commission member as husband was removed by his wife's role and advocacy in the passage of ordinance 541. We all know and can visualize the pressures on domestic felicity that such a situation can produce. Therefore, the failure to remove such member as requested was improper. We find that at the very least there was no attempt to avoid the appearance of bias: Donnon v. Downingtown Civil Service Commission, 3 Pa. Commonwealth Ct. 366, 283 A. 2d 92 (1971).

If that were not enough, one member of council was married to the sergeant of police who likewise straddled the issue on appeal, but accommodated himself to council sufficiently not to be removed. The fact that he had an advocate in his corner on council in this regard had more than a little to do with his retention. For, we hasten to point out that while the sergeant removed his badge and stripes, approximately ten days after demand for removal,

he nonetheless continued to sign his paper work as sergeant. No one moved to dismiss him on that basis, however.

We now turn to the issues. It is clear that under The Borough Code of February 1, 1966, P.L. (1965) 1656, 53 P.S. §46121, the respective powers of borough council versus the mayor in relation to the police department are set forth. Specifically, the borough council can "appoint and remove, or suspend, or reduce in rank, one or more suitable persons . . . as borough policemen. . . ." By contrast, the manner in which duties are to be performed is for the mayor. Thus, Borough Council of North Wales was within its authority to pass ordinance 541 and enforce it. In reality then, all the policemen in this borough were patrolmen and stripped of rank. Yet, by legislation, the mayor had the right to tell the chief and sergeant the manner or how they were to perform their patrolman duties and he did so. This created the conflict in authority and the issues before us. It is not a unique situation in this Commonwealth. The inverse situation is seen in Salopek v. Alberts, 417 Pa. 592, 209 A. 2d 295 (1965), where the mayor chose to ignore rank designations when delineated by council and suspended the "Chief" for not performing patrolman's duties and he was adjudged to be incorrect. In the instant case, the failure to return borough equipment on demand was not conduct unbecoming an officer or a dereliction of duty. This is especially so because of the mayor's countermand which did not challenge the reduction of all to patrolman, but rather gave to Veit the manner in which he was to perform his patrolman duties and that was in his old uniform with its trappings until new patrolman uniforms were obtained. Further, the fact that the

trappings of rank were to be turned into the mayor was consistent with ordinance 541. Merely because the mayor refused such proffer and countermanded the order, it was clear that he was following his constituted duties in demanding that Veit follow his direction as to the manner in which he performed his duties while still recognizing the abolition of rank. Originally, nine charges were filed against Officer Veit. However, all but three charges were either dismissed by the Civil Service Commission, or withdrawn.

Whether or not Officer Veit violated ordinance 541, or improperly refused to return borough equipment are questions of law. Ordinance 541, §73, Chain of Command states:

"The Mayor shall be in direct charge and supervision of the police department and shall be responsible for preparing the work schedule and directing the manner of performance of the duties of the members. If the Mayor at any time elects to delegate to any officer supervision over and instruction to other officers in the manner of performing their duties, then the priority of authority among such officers shall be determined by seniority."

Section 73 serves to further muddy the already murky distinction between who has the power to assign the duties and the manner they are carried out to the borough police department. The court need not consider, at this point, whether the second sentence of section 73 improperly infringed upon the mayor's control over the manner in which duties were to be performed, because there is not competent evidence before this court that supervisory power was delegated other than on grounds of seniority. The language in the first sentence of

section 73 appears to delegate to the mayor more than the power to direct the manner in which duties are performed as outlined in The Borough Code, 53 P.S. §46121. There was never any real conflict in the testimony brought before the commission and this court. The chairman of the Public Safety Commission's letter of June 21, 1979, directed Officer Veit to turn his insignia over *to the Mayor* at the earliest possible convenience. It is also uncontradicted that the mayor directed Officer Veit to continue wearing the insignia of his former office. Officer Veit was placed in the predicament of violating the orders of the individual placed in "direct charge and supervision of the police department," or obeying an individal whose authority is not delineated by ordinance 541 or The Borough Code. It is not apparent that Officer Veit violated the ordinance by either continuing to wear the insignia or refusing to return the insignia to the undesignated agent of the borough council, i.e., the borough manager.

Even assuming arguendo that Officer Veit improperly followed the orders of the mayor rather than the edicts of borough council and its agents such conduct does not rise to the level of "conduct unbecoming an officer." It is true that other courts in the Commonwealth have considered the issue of whose orders a police officer must follow when he is caught in the middle of a dispute between borough council and the mayor. There is a technical distinction between duties and the manner in which they are to be performed: Albano v. Civil Service Comm. of Borough of McAdoo, 13 Pa. Commonwealth Ct. 333, 320 A. 2d 385 (1974). In McAdoo, the Commonwealth Court refused to base the dismissal of a police chief on such a technical distinction.

McAdoo 13 Pa. Commonwealth Ct. at 337, 320 A. 2d at 387. Likewise, this court also finds such a technical distinction insufficient to justify the dismissal of Officer Veit.

The language of the McAdoo opinion is particularly apropos to the conflict before us. In McAdoo, the court noted at p. 336:

". . . we feel constrained to remark, . . . that the parties here involved have used the judicial system to further a running conflict between those in authority in the Borough of McAdoo. Personality conflicts and lack of any communication between the parties have resulted in timely and costly litigation. Unhappily all these things could have been avoided had cooler and wiser heads presided over the tumult."

For the reasons cited above, Officer Veit must be reinstated as a patrolman with all back pay, benefits, and reimbursements due. The validity of Officer Veit's reduction in rank is not before the court, and therefore, Officer Veit is cautioned to dress and comport himself as a patrolman and in accordance with all laws, rules and regulations pertinent to patrolmen in the Borough of North Wales.

## ORDER

And now, January 30, 1980, Patrolman Kenneth C. Veit, is hereby reinstated as a member of the police department of the Borough of North Wales.

It is further ordered that the Borough of North Wales pay to Patrolman Veit any back pay or other compensation not paid by reason of Patrolman Veit's improper dismissal.