Edward J. Bedeski, Appellant *v.* Greater Nanticoke Area School District, Appellee.

Argued October 8, 1980, before Judges CRAIG, MACPHAIL and WILLIAMS, JR., sitting as a panel of three.

*Joseph P. Giovannini, Jr.,* with him *Sol Lubin, Winkler, Danoff & Lubin,* for appellant.

*Maurice A. Cardone,* for appellee.

*William Fearen,* with him *Michael I. Levin, Cleckner and Fearen,* for Amicus Curiae Pennsylvania School Boards Association.

OPINION BY JUDGE WILLIAMS, JR., April 9, 1981:

Edward Bedeski (appellant) appeals from an Order of the Court of Common Pleas of Luzerne County. That court's Order dismissed the appellant's appeal from an adjudication by the Board of Directors of the Greater Nanticoke Area School District (School District), which removed him from his position as business manager of the School District.

The appellant was employed by the School District as its business manager from September, 1975 to May, 1978. By letter dated May 4, 1978, the School District informed him that it had voted to dismiss him from his position effective May 2, 1978. The appellant requested a schedule of the charges against him and a hearing on the matter. The School District responded through its counsel, by letter dated August 15, 1978, that appellant was being discharged because of neglect of duty, insubordination, and certain enumerated violations of the school laws of Pennsylvania. A second letter dated September 5, 1978, advised the appellant of a hearing scheduled for September 14, 1978, before the School District's Personnel Committee.

Appellant appeared at the September 14th hearing without counsel, and did not testify in his own behalf. After that hearing, he retained counsel. By letter dated November 15, 1978, his attorney requested an additional hearing, and demanded that the appellant be immediately reinstated with back pay. At

its meeting on December 8, 1978, the School District rejected the appellant's demands, and adopted findings of fact, reasons for adjudication, and an adjudication affirming appellant's dismissal.

Bedeski appealed this adjudication to the Court of Common Pleas. That court dismissed his appeal and this appeal followed.

The issue before this court for review is: whether the appellant was an appointed public officer, subject to being discharged summarily by the power which appointed him as provided by Article VI, Section 7 of the Pennsylvania Constitution;[1] or whether he was an employee of a public agency who could be terminated only for cause, and whose dismissal had to conform to the procedural mandates of Section 514 of the Public School Code of 1949,[2] and the relevant provisions of the Local Agency Law.[3] The court below held that the School District properly concluded that the appellant was an appointed public officer who could be dismissed at will. We agree with this decision of the learned court below, and we therefore affirm.

In the proceeding below, the parties stipulated to the record before the lower court for disposition of

---

[1] Pa. Const. art. VI, §7.

[2] Act of March 10, 1949, P.L. 30, as amended, 24 P.S. §5-514. Although this section of the School Code declares that its terms apply to "officers" and "appointees" as well as "employes," our Supreme Court in Buell v. Union Township School District, 395 Pa. 567, 150 A.2d 852 (1959) held that Section 514 was invalid to the extent that it conflicted with the power to summarily remove "appointed officers" under Article VI, Section 4 of the Constitution. The substance of that constitutional removal provision is now found in Article VI, Section 7 of the Constitution.

[3] Act of December 2, 1968, P.L. 1133, formerly 53 P.S. §11301 et seq., repealed by Section 2(a) of the Judiciary Act Repealer Act, Act of April 28, 1978, P.L. 202, 42 Pa. C.S.A. §20002(a)· [1429]. A similar act is now found in 2 Pa. C. S. §§551-555, 751-754.

the appeal. Consequently, we must affirm that court unless our review of the record discloses violation of the appellant's constitutional rights, an error of law or manifest abuse of discretion by the School District, or that any necessary finding of fact made by the School District is not supported by substantial evidence. *Civil Service Commission of Philadelphia v. Saladino,* 47 Pa. Commonwealth Ct. 249, 408 A.2d 178 (1979); *Richter v. Philadelphia Civil Service Commission,* 35 Pa. Commonwealth Ct. 310, 387 A.2d 131 (1978).

The School District's conclusion that Bedeski was a public officer was based on the following finding of fact:

> 2. That Edward Bedeski, as Business Man-ager had the duty to manage and organize the business affairs of the Greater Nanticoke Area School District, assist in the preparation of the budget, prepare monthly receipts and expenditures from various financial reports, supervise the payroll, supervise the classified staff in the business office, tabulate bids, write specifications for various products and materials, serve as purchasing agent, had charge of the financial records of the District in regard to invoicing, made sure that the School District was in good financial condition for the audit and administer the retirement plan for the professional employees.

This finding was made after lengthy testimony by the School District's Superintendent, Michael Kwak, who was cross-examined by the appellant.[4] It is hornbook law that credibility of witnesses and the weight to be

---

[4] Also appearing at the hearing were the School Board President and four other School Board members. None of them were called to testify by either the School District or the appellant.

afforded their testimony are matters solely within the discretion of the fact finder. *Colonial Gardens Nursing Home, Inc. v. Department of Health,* 34 Pa. Commonwealth Ct. 131, 382 A.2d 1273 (1978). We may not disturb such findings when they are supported by substantial evidence. *Saladino, supra; Richter, supra.*

It is also the law in this Commonwealth that the key considerations in determining whether one is a public officer are the nature of the office, the powers wielded, and the responsibilities which are carried out. *Reese v. Danforth,* 486 Pa. 479, 406 A.2d 735 (1979). In making such a determination the court must look to the nature of the service performed by the incumbent and the duties imposed upon him. *Finley v. McNair,* 317 Pa. 278, 176 A. 10 (1935).

Careful consideration of the appellant's responsibilities and duties as established by the record requires that he be designated a public *officer,* and not a public employee. He was responsible for the adequate and efficient organization, management, and conduct of the School District's business affairs within a framework of established policy. He was directly responsible for keeping the Superintendent informed as to the status of the business office and its operation at all times. The School District's Board of Directors relied on the appellant's judgment and expertise in business matters. Clearly, the record before us establishes that the School District's finding that Bedeski was a public officer is supported by substantial evidence.

There being no other deficiencies in the record, the holding of the court below that appellant was a public officer, dismissable at will, is affirmed.

## ORDER

AND Now, this 9th day of April, 1981, the Order of the Court of Common Pleas of Luzerne County, at No. 12263 of 1978, is affirmed.

This decision was reached prior to the expiration of the term of office of Judge WILKINSON, JR.