The Board of Pensions and Retirement of the City of Philadelphia, Appellant *v.* Edgar R. Einhorn, Appellee.

Argued November 19, 1981, before Judges MENCER, ROGERS and CRAIG, sitting as a panel of three.

*Robert J. Simmons*, Deputy City Solicitor, with him *Alan J. Davis*, City Solicitor, for appellant.

*Thomas F. McDevitt*, for appellee.

OPINION BY JUDGE MENCER, March 4, 1982:

The Board of Pensions and Retirement of the City of Philadelphia (Board) has appealed from a decision of the Court of Common Pleas of Philadelphia County which reversed the Board's denial of disability benefits to Edgar R. Einhorn (claimant). We vacate and remand.

The claimant was employed by the City of Philadelphia as an attorney. While representing the City in court, he suffered a heart attack which caused him to retire from city employment and apply for disability retirement benefits pursuant to the applicable city ordinances. The Board had the claimant

examined by Dr. Gary J. Anderson, who reported that the claimant's "coronary artery disease was not due solely to the performance of his job and that the myocardial infarction may have been precipitated by but was not due solely to the performance of his job." Upon receipt of Dr. Anderson's report, the Board sent a letter to the claimant's attorney which read as follows:

> Dear Mr. McDevitt:
>
> Kindly be advised that at its regular meeting held on December 17, 1979, the Philadelphia Board of Pensions and Retirement denied your client's application for a service-connected disability pension.
>
> This denial came after extensive discussion and review of all the evidence available concerning Mr. Einhorn's disability. *Enclosed with this letter please find a copy of Dr. Anderson's evaluative report of the three reports recently forwarded by you.*
>
> Your client may, within 30 days of the date of this letter, appeal the Board's decision to the Court of Common Pleas of Philadelphia; or, alternatively, request reconsideration by the Board within one year of his date of separation from employment with the City. A request for reconsideration must be accompanied by substantial additional medical evidence.
>
> > Very truly yours,
> > Anthony Witlin, Esquire
> > Executive Director

(Emphasis in original.)

The claimant appealed this "decision" to the Court of Common Pleas. At some time after that appeal, the Chairman of the Board executed an undated document

titled "Findings of Fact and Conclusions of Law."[1] The document appears in the record filed with this court but was not docketed by the Court of Common Pleas, nor was it mentioned in either of the two opinions written by the Court of Common Pleas in this case. For these reasons, we will not consider it as a part of the record in this case.

Because of the lack of a transcript of the Board proceedings and the questionable validity of the Board's decision, the Court of Common Pleas properly conducted a hearing de novo, pursuant to Section 754 of the Local Agency Law, 2 Pa. C. S. §754. The Court heard evidence from the claimant, who had been precluded from testifying before the Board, and received the documentary evidence which the Board *had* considered. Based upon this evidence, the Court found that the Board's decision was not supported by substantial evidence and reversed the Board's decision.

Our research has failed to uncover any appellate decisions which set forth the role of the court of common pleas where it properly conducts a hearing de novo pursuant to Section 754. We have, however, found several cases in which the court of common pleas has *improperly* conducted a hearing de novo. *See, e.g., In re Appeal of Gettler,* 42 Pa. Commonwealth Ct. 415, 400 A.2d 1339 (1979). These cases point out the distinctions between a hearing de novo and the *review* of a local agency action. In the latter instance, the court of common pleas is limited to considering whether there has been a violation of constitutional rights or statutory provisions, *Civil Service Commission of Philadelphia v. Saladino,* 47 Pa. Commonwealth Ct. 249, 408 A.2d 178 (1979), and, where

---

[1] We conclude that the document was executed after the case was appealed to the Court of Common Pleas because it contains the correct common pleas docket number.

the party with the burden of proof has not prevailed before the local agency, whether the findings of fact are consistent with the conclusions of law and can be sustained without a capricious disregard of competent evidence, *City of Philadelphia v. Mullin*, 13 Pa. Commonwealth Ct. 275, 320 A.2d 442 (1974). Where a hearing de novo has been granted, however, the court of common pleas must act as a nisi prius court, weighing the evidence and making its own findings of fact and conclusions of law which we can then review.

Because the Court of Common Pleas failed to make the necessary findings of fact and conclusions of law to permit proper review of its decision, we will remand the case so that the court below will have an opportunity to consider the merits of the case and make such findings and conclusions.

Order vacated and case remanded.

### ORDER

AND Now, this 4th day of March, 1982, the order of the Court of Common Pleas of Philadelphia County which reversed the decision of the Board of Pensions and Retirement of the City of Philadelphia denying disability retirement benefits to Edgar R. Einhorn is hereby vacated, and the case is remanded so that the Court of Common Pleas may make necessary findings of fact and conclusions of law.

Judge Palladino did not participate in the decision in this case.