## Janero v. East Allegheny School District

*Ronald N. Watzman*, for plaintiff.
*G. N. Evashavik*, for defendant.

PAPADAKOS, A.J., September 14, 1982 — This is the appeal of Edward M. Janero, appellant, from

the decision of the Board of School Directors of the School District of East Allegheny suspending appellant from his employment with the district.

On June 30, 1980, the district notified appellant that he was being suspended as the result of decline in school enrollments as specified in Section 1124(l) of the Pennsylvania School Code, 24 P.S. §11-1124(2). On June 22, 1980, the district recalled appellant as a secondary G.A.T.E. teacher for the duration of Kathleen Vamos' leave of absence, which the record indicated had extended into the 1981-1982 school year.

On June 10, 1981, however, the board at a regular meeting voted to decrease the G.A.T.E. Program by one person for the 1981-1982 school year and chose to suspend appellant who had the least amount of seniority. By appellant's letter of September 3, 1981 he requested a hearing from his suspension which was held on January 6, 1982 as required by the Local Agency Law, Act of April 28, 1978, P. L. 202, 2 Pa. C.S.A. §553, et. seq.*

The board filed a written adjudication on May 7, 1982 with findings of fact and conclusions of law in support of its decision to suspend appellant.

It is from that action that appellant timely filed this appeal on May 21, 1982. No additional evidence has been taken by this court and review will be limited to a determination of whether the adjudication was in violation of the constitutional rights of

---

*By letter dated October 13, 1981 the district notified appellant that he was being recalled as a professional employee, effective October 12, 1981. Hence this appeal concerns the 41 days of appellant's suspension for the 1981-1982 school year.

Appellant, was not in accordance with the law, or any finding of fact made by the board and necessary to support its adjudication was not supported by substantial evidence. Gabriel v. Trinity Area School District, 22 Pa. Commw. 620, 350 A. 2d 203 (1976); Board of Pensions and Retirement of City of Philadelphia v. Einhorn, 65 Pa. Commw. 144, 442 A.2d 21 (1982); Porter v. Board of School Directors, 67 Pa. Commw. 147, 445 A. 2d 1386 (1982); see also Local Agency Law, 2 Pa. C.S.A. §754(b).

The basic issue before the board and this court concerns whether the board was correct in suspending appellant using the standards mandated by §1125.1 of the School Code. In particular, §1125.1(c) requires that:

"A second entity shall realign its professional staff so as to insure that more senior employees are provided with the opportunity to fill positions for which they are certificated and which are being filled by less senior employees." (24 P.S. §11-1125.1(c) ).

It appears from the record that on June 10, 1981 when the board voted to eliminate one position in the guidance area, appellant had the least seniority of the three employees assigned to guidance counselling. Appellant argues, however, that Ms. Ruth Hoffman was also certified in Home Economics and should have been reassigned in compliance with §1125.1(c) and that to do so would have been practical.

The board in its decision found as fact that Ms. Hoffman had voluntarily deleted her certification in home economics by August 10, 1981 and that the deletion mandated the retaining of Ms. Hoffman as a guidance counsellor for the 41-day period in question. This court disagrees.

The Department of Education has promulgated procedures and regulations for the voluntary dele-

tion of areas of certification by teachers which can be found at Chapter 49, §49.69 of the Pennsylvania Code (22 Pa. Code §49.69). Pursuant to these regulations, Ms. Hoffman requested by her letter dated August 10, 1981, that home economics, general science and vocational areas be removed from her certification as of August 10, 1981. The board approved the request as to home economics only on August 31, 1981 and the School District, by letter of the Superintendent dated November 24, 1981, submitted the waiver request on behalf of Ms. Hoffman as to home economics. This request was approved in December of 1981 by the department's issuance of a new certificate of certifications to Ms. Hoffman.

These facts clearly shows that Ms. Hoffman was not decertified until December of 1981 when the department approved the district's request for decertification. Any other conclusion would not justify the requirements for the employee to submit her application to the board (which body can approve or amend the application) and forward it to the department for approval or rejection and would make a mockery of these rules.

At the hearing before the board there was the unsubstantiated testimony of the Superintendent that oral telephonic approval of the decertification request had been received from the Department by the September 3, 1981 board hearing, but this cannot be the basis of a finding that Ms. Hoffman was decertified as of June 10, 1981 when the board voted to suspend appellant.

First, Ms. Hoffman's request for decertification was not submitted to the School District until August 10, 1981, two months after the vote to eliminate the one guidance position. Secondly, the court is left puzzled by the allegation that the department could approve the request, even orally, three days

after the board voted to submit a request for decertification which was not submitted to the department until November 24, 1981. Finally, no authority has been produced for the proposition that oral approvals of applications are permitted by practice, custom or the regulations of the Department of Education. For these reasons, the board erred as a matter of law in concluding that Ms. Hoffman was decertified from teaching home economics as of August 10, 1982.

This court finds from the record that Ms. Hoffman was certified to each home economics from June 10, 1981 until final approval in December of 1981 and that she should have been considered for realignment in accordance with §1125.1(c) of the School Code.

All parties are aware that staff realignments are not required where impractical, but such is *not* the case here. There is sufficient evidence to show that Ms. Hoffman could be assigned to teach Home Economics (T. 32) and the court finds this as a fact. Since Ms. Hoffman was available to teach Home Economics for the 41 days in question and since it was practical for her to teach same, this court concludes that it was error for the board to suspend appellant.

Accordingly, the following order of court will be entered

## ORDER OF COURT

And now, this September 14, 1982, it is hereby ordered, adjudged and decreed that the appeal of Edward M. Janero from the decision of the East Allegheny School District be, and the same is hereby, granted and that the decision of the board suspend-

ing appellant for 41 days in the 1981-1982 school term be, and the same is hereby, reversed.

It is further ordered that appellant be reinstated for those 41 days with back pay, medical benefits and seniority rights.