557 A.2d 458

James C. Putz, Appellant *v.* Civil Service Commission, Appellee.

Argued December 13, 1988, before President Judge CRUMLISH, JR., Judge MCGINLEY, and Senior Judge NARICK, sitting as a panel of three.

*Frank DeSimone*, for appellant.

*Ralph J. Teti*, Chief Deputy City Solicitor, for appellee. ·

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., April 27, 1989:

James Putz appeals a Philadelphia County Common Pleas Court order upholding a decision of the Philadelphia Civil Service Commission (Commission) which, on remand, upheld Putz's dismissal from the Philadelphia Police Department. We affirm.

In *Civil Service Commission of Philadelphia v. Putz,* 103 Pa. Commonwealth Ct. 529, 520 A.2d 940 (1987) (*Putz I*), we remanded this matter to the Commission. There, we directed it to make credibility findings and specify which evidence it relied upon to conclude that the charges against Putz were supported.

We detailed the incident leading to Putz's dismissal in *Putz I*. Following pursuit of a suspect in a high-speed car chase and then on foot, Putz fired two gunshots, the second shot wounding the suspect in the upper torso.

The Commission on remand found that Putz was properly discharged for conduct unbecoming an officer because he violated departmental directives prohibiting the use of deadly force. Those directives forbid an officer to discharge his service revolver unless he believes that a person has used or is about to use deadly force. The Commission expressly relied on Putz's own testimony that he did not see the suspect carrying a weapon when he pursued him on foot and discredited his testimony that he had earlier seen the suspect with a gun.[1] It also relied on evidence indicating that the suspect was shot in the back. The police radio transmittal transcript for the day

---

[1] In *Putz I*, the Commission did not find credible Putz's testimony that he believed the suspect had a gun at his side when Putz approached the car the suspect was driving. *Id.* at 533 n.5, 520 A.2d at 442 n.5.

of the incident discloses that a responding police officer found a male "shot in the right rear chest." Police Radio Transmittal Transcript, 8/12/81. This evidence, taken as a whole, is sufficient to support the Commission's conclusion that Putz violated departmental directives by unreasonably using deadly force against an unarmed fleeing suspect.

Notwithstanding Putz's argument that the Commission is bound by its determination that the fleeing suspect's testimony was not credible in his version of the chase, the Commission accepted that part of Putz's testimony as related above. This acceptance of part of Putz's testimony and any reasonable inferences derived therefrom are of course within the Commission's prerogative as fact-finder and cannot be disturbed on appeal. *Civil Service Commission of Philadelphia v. Saladino*, 47 Pa. Commonwealth Ct. 249, 408 A.2d 178 (1979). The Commission may rely on the testimony and the back-up officer's report that the suspect was shot *in the back* in discrediting Putz's account that he believed the fleeing suspect had stopped and turned to shoot him.

Moreover, the evidence relied upon by the Commission to support Putz's neglect-of-duty charge is supported by the police radio transmittal transcript on the day of the incident. Putz, in response to reports that weapons had been discharged, replied that the reports were "unfounded." Transcript, 8/8/81, p. 2. This testimony supports the neglect-of-duty charge because departmental directives require immediate notification when a weapon is discharged. Putz's explanation that he was unaware of wounding a suspect fails because, although the neglect-of-duty charge was inaccurately stated[2] against him, de-

---

[2] The Department's formal neglect-of-duty charge reads: "On 8-8-81 at 3:53 A.M., you failed to notify Police Radio that you had discharged your weapon resulting in injury to a citizen, Anthony Taylor, Age 22, N/M, 2037 W. Stella Street."

partmental directives require that *any* weapon's discharge be immediately reported. Thus, we hold that substantial evidence supports both charges of neglect of duty and conduct unbecoming an officer, which charges as substantiated in turn constitute just cause for dismissal.

Accordingly, we are constrained to affirm the common pleas court order.

### ORDER

The Philadelphia County Common Pleas Court order, No. 4495 June Term, 1987, dated December 31, 1987, is affirmed.

---

We strongly admonish the Department and the Commission to frame as precisely as possible the charges against City employees facing disciplinary action and to state with particularity credibility determinations that are necessarily made when conflicting testimony is adduced at Department or Commission proceedings. Without conformity to these elemental requirements, proper appellate review is not possible and litigants may be subjected to intolerable delay and prejudice.