Ronald E. Siler, Appellant *v.* City of Harrisburg, Appellee.

Argued September 11, 1980, before Judges BLATT, CRAIG and MACPHAIL, sitting as a panel of three.

*John B. Mancke, Mancke & Lightman,* for appellant.

*Nathan H. Waters, Jr.,* with him *Takashi A. Bufford,* for appellee.

OPINION BY JUDGE CRAIG, October 22, 1980:

Ronald E. Siler appeals to this court pursuant to 42 Pa. C. S. §762(a)(4)(ii) from the Court of Common Pleas of Dauphin County, which denied his appeal and upheld his discharge from the police force by the Harrisburg City Council.

Siler has been a patrolman of the Harrisburg police department for ten years, during which period he had received several suspensions and official reprimands. After he served another ten-day suspension, starting February 22, 1979, for being late for a court hearing, the chief of police recommended to city council on March 8, 1979 that Siler be discharged on the grounds of (1) being absent from duty without leave and (2) incompetency. The council, following a hear-

ing, ordered Siler discharged solely because of incompetency.[1] As counsel for the city stated to the trial court, "[e]ven though Officer Siler was charged with being away from duty without leave and with incompetency, the City Council found that the dismissal was based on Section 24.004 . . . entitled 'competency' '', thus indicating that council found the absence-without leave charge to be unsupported.

At the hearing de novo in common pleas court, the evidence presented on behalf of the city consisted solely of testimony by an assistant chief, custodian of police records, who recited in chronological order the previous disciplinary actions taken against Siler, from a document summarizing those charges. The recorded past penalties included eleven summary suspensions, for a total of 84 days, and six official reprimands for infractions such as neglect of duty, sick leave abuse, reporting late for work, and missing hearings. The city's evidence did not present any wrongdoing by Siler beyond the infractions which had been thus penalized.

Counsel for Siler objected to the admission of the testimony as being based on hearsay; the trial court overruled the objection and admitted the evidence under the official records exception.

Siler offered testimony by 22 current or past members of the police department who knew him. Although

---

[1] Section 24.004 of the Harrisburg Manual of Rules and Regulations of the Bureau of Police, titled "Competency," which states in part:

[I]ncompetence may be demonstrated by . . . apparent unwillingness or inability to perform assigned tasks, or failure to conform to standards established by the Department. Apart from, or in addition to other methods of proof, a written report of disciplinary actions for minor infractions of rules or directives will be considered prima facie evidence of incompetency. Section 24.004, Manual of Rules and Regulations, Bureau of Police, Harrisburg, Pennsylvania (1978).

their testimony in general suggested his competency as an officer, they did not specifically refute Siler's responsibility for the past infractions for which he had incurred the summary suspensions and reprimands. The trial court held that Siler's dismissal was based on substantial evidence of incompetency, as elicited in the de novo hearing, and dismissed the appeal.

The first issue is whether the testimony of the assistant chief, custodian of records, was properly admitted in the trial de novo; the second issue is whether Siler's discharge could be lawfully based upon his record of past actions, for each of which he had already been disciplined.

To appellant's claim that the past disciplinary record was inadmissible hearsay, we agree with the trial judge that the evidence was clearly admissible as a business record under 42 Pa. C. S. §6108(b).[2] The scope of the business records exception to the hearsay rule is not limited to private business entities. *See U.S. v. Goslee,* 389 F. Supp. 490 (W.D. Pa. 1975). Testimony as to an employee's repeated absences by a personnel supervisor who was custodian of the records was held admissible under the business records exception in *Dudley v. Unemployment Compensation Board of Review,* 36 Pa. Commonwealth Ct. 186, 387 A.2d 996 (1978). A lack of personal knowledge of the events listed in the disciplinary record does not defeat its admissibility. *Wayne County Board of Assessment v. Federation of Jewish Philanthropies,* 43 Pa. Common-

---

[2] §6108. Business records

(b) General Rule.—A record of an act, condition or event shall, insofar as relevant, be competent evidence if the custodian or other qualified witness testifies to its identity and the mode of its preparation, and if it was made in the regular course of business at or near the time of the act, condition or event, and if, in the opinion of the tribunal, the sources of information, method and time of preparation were such as to justify its admission.

wealth Ct. 508, 403 A.2d 613 (1979). The hearing transcript shows that the document was offered into evidence by the custodian of personnel records; the evidence was therefore properly considered by the court. The cases cited by appellant in support of his argument to exclude the evidence are distinguishable.[3]

Appellant next contends that he is being punished twice for the same conduct, in violation of Section 4408 of the Third Class City Code.[4] Section 4408 states that "no employe shall be suspended more than one time for the identical or same violation or act of misconduct."

The pivotal question we must address is whether, without any new infraction being committed,[5] a police officer may be discharged on the basis of a series of past infractions, for which punishment has already been imposed, but which are now viewed as a course of conduct demonstrating incompetency.

Of course, we agree with the trial court that, in this civil matter, double jeopardy principles are not applicable.

However, the Pennsylvania Supreme Court has held that the service record of a police officer showing

---

[3] In *Wilson v. Warminster Township*, 74 D. & C. 2d 407 (1976), an officer was threatened with suspension based solely on hearsay statements made by an arrestee who was not present at the suspension hearing. The evidence excluded as hearsay in *Bleilevens v. Pennsylvania State Civil Service Commission*, 11 Pa. Commonwealth Ct. 1, 312 A.2d 109 (1973), was testimony based wholly upon information obtained from sources not in the record.

[4] Section 4408 of the Third Class City Code, Act of June 23, 1931, P.L. 932, *as amended*, 53 P.S. §39408.

[5] The record reveals that Siler's final suspension—from February 22, 1979 to March 2, 1979—was for appearing late at a court proceeding. On March 8, 1979, the police chief informed Siler that he would recommend Siler's discharge to the city council on the basis of incompetency and being absent without leave. Therefore, the city council hearing was subsequent to and totally independent of Siler's last disciplinary suspension.

prior misconduct is admissible only in determining what punishment is merited for a subsequent offense. *In Re Ditko's Appeal*, 385 Pa. 435, 123 A.2d 718 (1956). There an officer had been discharged for unbecoming conduct, based upon infractions in 1953 and 1954; the 1953 infraction had already resulted in the officer being reprimanded and suspended for five days. With respect to that 1953 matter, the trial court opinion, adopted per curiam by the Supreme Court, stated:

> Were this the only charge considered by Counsel and established under the evidence, we would hesitate in finding that appellant was properly discharged. It is apparent that for the offense in question appellant has already been punished, and it would offend against our concept of justice that a year thereafter appellant could be subject to the penalty of dismissal after having previously been suspended for his actions. The service record of appellant showing prior misconduct and suspension is relevant and admissible, however, in so far as it may relate to proper punishment in the event appellant is guilty of the misconduct alleged in the first [new] charge. . . .

*Ditko's Appeal*, 5 & D. C. 2nd 569, 571-72 (1955). The opinion reiterates that, after the 1953 misconduct was punished, "that incident thereafter was closed and is only relevant in the matter of determining what punishment is merited for offenses subsequent thereto." *Ditko's Appeal*, 5 D. & C. *supra* at 572.

Thus, the previous disciplinary record cannot stand alone as substantive justification for dismissal; it may be used only as ancillary to the substantive justification. With respect to the merits of a dismissal, the city must base the charge upon misconduct not previously punished, in the nature of a "last straw".

We can perceive no qualitative difference based on the fact that *Ditko* involved a prior punishment record listing only one offense, as compared to the present case, where there have been infractions resulting in seventeen previous punishments. Because an employee might not defend against a particular charge in the context of summary discipline in the same way that he would defend against the same charge couched as a basis for dismissal, an employee is entitled to know from the outset that a particular infraction is being dealt with as a basis for the ultimate sanction of discharge. The element of safeguarding fairness, implicit in *Ditko,* is that, after an employee has accepted one or more summary punishments, he should not be subjected to the resurrection and aggregation of those same infractions as the sole basis for enlarged punishment.

Here the city deemed Siler's past performance, which was certainly very poor, to be such as merited eighty-four days of suspension and six reprimands. Having dealt out that measure of punishment, the city cannot logically superimpose the new punishment of discharge upon that record, without more. In this case there was no new misconduct; the absent-without-leave charge was not sustained by council, and the last instance of misconduct had already been punished by a ten-day suspension. The series of offenses which comprised the course of conduct, for which discharge is sought, is absolutely coterminous with the offenses for which Siler had already been punished.

Contrary to the trial court's view that previously-punished offenses, viewed as a course of conduct and re-labeled "incompetency", provides a sufficient basis for discharge, we believe that placing a collective label on the previously-punished offenses does not take the case out of *Ditko* or Section 4408, both of which prevail over any interpretation of the Harrisburg police

regulations suggesting that a previous disciplinary record, as prima facie evidence of incompetency, can stand as a sole justification for discharge.

The legal insufficiency of the case against the officer here is similar to the one in *Roach v. Middletown Township Board of Supervisors*, 17 Bucks 130 (1967), where a discharge was overturned. In *Roach*, the township charges included three acts of misconduct not previously punished—three alleged "last straws." The court found those new charges to be insufficient; with only the record of previous sanctions remaining, there was no lawful basis for a discharge. Here, we repeat, the city council eliminated the "last straw."

We conclude that, as a matter of law, the trial court's decision is contrary to the principles of *Ditko, supra.*

Accordingly, we must reverse.

### ORDER

AND Now, this 22nd day of October, 1980, the appeal of Ronald E. Siler is sustained, and the decision below is reversed, with a direction that appellant be reinstated to his position as police officer in the police department of the city of Harrisburg, and that the City of Harrisburg pay to appellant all salary due him from the date of his discharge to the date of his reinstatement, less all other sums earned by appellant in that period.