In Re: Appeal of Joseph Corropolese From the Decision of the Plymouth Township Personnel Review Board.

Joseph Corropolese, Appellant.

Argued October 9, 1980, before Judges MACPHAIL, WILLIAMS, JR. and PALLADINO, sitting as a panel of three.

*Paul C. Vangrossi,* with him *Joseph J. Hylan,* for appellant.

*Arthur Lefkoe,* of counsel, *Wisler, Pearlstine, Talone, Craig and Garrity,* for appellee.

OPINION BY JUDGE PALLADINO, December 1, 1980:

This is an appeal from an order of the Court of Common Pleas of Montgomery County affirming the decision of the Plymouth Township (Township) Personnel Review Board sustaining appellant's dismissal from the Township Police Department. We affirm.

From the opinion of the court of common pleas, we gather the following relevant facts, all supported by substantial evidence in the record. On September 26, 1978 appellant was on duty from midnight until 8:00 a.m. along with a fellow officer and sergeant. From 2:15 a.m. to 4:10 a.m., a Township police lieutenant observed appellant's police vehicle in the driveway of appellant's residence. At about 2:30 a.m. the lieutenant observed appellant standing in the doorway of his residence wearing a T-shirt, trousers and

no gun belt.   At 2:32 a.m. appellant called the County Radio Room to sign out of service.   The lieutenant and sergeant went up to appellant's house at 4:10 a.m. and saw appellant sleeping on the couch in the living room; appellant then was awakened by the sergeant knocking on the front door.   Unable to contact appellant on his car-to-car radio channel, at 4:15 a.m. the sergeant asked the county radio to contact appellant and have appellant meet or call him.   At 4:17 a.m. appellant signed into service with the County Radio Room.   When appellant shortly thereafter met with the lieutenant and was asked where he had been, he replied that he had been home on his 45 minute lunch break.   The next morning appellant told the lieutenant he'd been ill and had gone home to take medication which had made him fall asleep.

On October 30, 1978 the Acting Chief of Police filed charges against and suspended appellant.   It was alleged that during September 26, 1978 appellant, without being relieved from duty, failed to perform his assigned duties as a police officer for a period in excess of two hours and committed a neglect of duty in violation of Township Police Department Code of Discipline (Code) Section 1(4)(b) by idling on duty, specifically by sleeping; Code Section 1 (4)(c) by leaving his beat without due permission or sufficient cause; and Township Police Department Rule of Conduct No. 13 by sleeping while on duty. Appellant was dismissed on November 6, 1978.[1]   After numerous evidentiary hearings, the Township Personnel Review Board sustained appellant's dismissal

[1] Because Plymouth Township is a home rule community, Section 4-2.6c of the Township Administrative Code, providing that an employee of the Township Police Department may be suspended, removed or reduced in rank for, *inter alia,* violation of any provision of the Code of Discipline or any Police policy procedure adopted by the Township, governs cause for appellant's dismissal.

from the Township police force for neglect of duty; upon appeal the court of common pleas affirmed that decision.

As he did below, appellant here contends that the Township did not meet its burden of proof with respect to the charges brought. Our thorough examination of the record satisfies us that substantial evidence supports all of the findings of fact. Particularly important, the Township Personnel Review Board found as facts that (1) the proper procedure for an officer who becomes sick on duty is to report to his sergeant or, if he cannot contact the sergeant, to the central office, and (2) appellant, though aware of these procedures, did not follow them. Appellant stresses that early on September 26, 1978 he tried to contact his sergeant by radio and upon being unable to raise him told a fellow officer he was going home sick. While that fellow officer testified that appellant complained to him at 1:15 a.m. of being ill and that he was going home for lunch, the sergeant testified that when he asked the officer at 3:00 a.m. of appellant's whereabouts the officer answered that he did not know. The whole issue is largely one of credibility, and that is a matter to be determined by the fact finding body. See *Richter v. Civil Service Commission*, 35 Pa. Commonwealth Ct. 310, 387 A.2d 131 (1978); *Leroi v. Philadelphia Civil Service Commission*, 34 Pa. Commonwealth Ct. 190, 382 A.2d 1260 (1978).

Appellant also contends that the penalty imposed is excessive. Suggesting that the record contains "exceptionally contradictory evidence", appellant submits that the lower court should have modified the penalty imposed. We cannot agree. Neglect of duty may be a basis for removal from a police force. *McCann Appeal*, 35 Pa. Commonwealth Ct. 216, 385 A.2d 621 (1978). A court reviewing a decision within ad-

ministrative discretion must determine whether or not reasonable discretion was exercised in rendering the decision and may not substitute its judgment for that of the personnel agency. *See Losieniecki v. Pennsylvania Board of Probation and Parole,* 39 Pa. Commonwealth Ct. 194, 395 A.2d 304 (1978); *Philadelphia County Board of Assistance v. Cahan,* 24 Pa. Commonwealth Ct. 543, 358 A.2d 440 (1976). Further, appellant's argument that his service record does not warrant dismissal from the police force misstates the instant case. The Township Personnel Review Board properly referred to appellant's service record, which contains a lengthy disciplinary history, in determining what action was merited by the latest incident. *Ditko's Appeal,* 385 Pa. 435, 123 A.2d 718 (1956); *Silver v. City of Harrisburg,* 54 Pa. Commonwealth Ct. 303, 422 A.2d 704 (1980).

Accordingly, we will enter the following

ORDER

AND Now, December 1, 1980, the order of the Court of Common Pleas of Montgomery County, docketed to No. 79-2705, dated August 13, 1979, is affirmed.