Nicola Santini, Appellant *v.* Civil Service Commission of the City of Philadelphia, Appellee.

Submitted on briefs March 2, 1981, to Judges MEN-CER, ROGERS and PALLADINO, sitting as a panel of three.

*Nino V. Tinari,* for appellant.

*Sheldon L. Albert,* City Solicitor, *James M. Penny, Jr.,* Deputy City Solicitor, and *Gregory Sciolla,* Assistant City Solicitor, for appellee.

OPINION BY JUDGE MENCER, July 17, 1981:

Nicola Santini (claimant) suffered a groin injury on December 11, 1970 in the course of his employment as a structural iron worker for the Department of Streets of the City of Philadelphia (Department). He underwent a hernia operation at the Philadelphia General Hospital Compensation Clinic and was placed on "no duty" status until March 1, 1971. On April 22,

1971, the claimant returned to the clinic complaining of pain in his groin and lower back. A medical examination of the claimant conducted on that date revealed no physical manifestations of injury. Approximately one year later, on March 8, 1972, the claimant again complained of groin and back pain and was replaced on "no duty" status. On August 30, 1972, the Chief of the Municipal Medical Dispensary determined that he was permanently and partially disabled due to degenerative disc disease of the lower lumbar area.[1]

Thereafter, the claimant applied for retirement benefits under civil service regulation 32 promulgated by the Philadelphia Civil Service Commission (Commission). On March 8, 1972, the Department determined that his back condition was not service related, and it denied him benefits. The claimant appealed that ruling to the Commission. It denied his appeal on September 12, 1973 and stated that there was not sufficient medical evidence to link his back ailment to a job-related injury or the hernia operation. The claimant next appealed the Commission's determination to the Court of Common Pleas of Philadelphia County, which denied his appeal on April 1, 1977. This appeal followed.

In seeking to establish eligibility for benefits under regulation 32, the burden is upon the claimant to prove that he has suffered a service-connected accident or

[1] Regulation 32.03 of the Civil Service Commission of the City of Philadelphia reads as follows:

32.03 DETERMINATION AS TO THE NATURE AND SERVICE CONNECTION OF DISABILITY.

32.031 TOTAL OR PARTIAL AND PERMANENT OR TEMPORARY DETERMINATIONS.

Determination as to whether disability is *total* or *partial* or *permanent* or *temporary* shall be made as follows:

32.0311 The Chief of Municipal Medical Dispensary shall initially determine the nature and extent of the disability. (Emphasis in original.)

occupational disease which caused the alleged disability.[2] *City of Philadelphia v. Hays,* 13 Pa. Commonwealth Ct. 621, 320 A.2d 406 (1974). "There shall be no presumption that any disability is service-connected. . . ." Regulation 32.0325. Proof of a causal connection does not always require medical testimony; however, where there is no obvious causal relationship between an employee's injury and an alleged accident, uneqivocal medical testimony is required to establish the causal connection. *City of Philadelphia v. Murphy,* 13 Pa. Commonwealth Ct. 630, 320 A.2d 411 (1974). Because the claimant did not prevail below, our review is limited to a determination of whether the Commission's findings are consistent with the conclusions of law and each other and may be sustained without a capricious disregard of the evidence. *Smith v. Civil Service Commission of the City of Philadelphia,* 53 Pa. Commonwealth Ct. 164, 417 A.2d 810 (1980).

The record establishes that the Commission did not capriciously disregard competent evidence in finding that the claimant failed to establish a causal connection between his back condition and a job-related accident. The claimant's evidence on causation consisted of his own testimony that his back injury was caused by a change in his method of lifting heavy objects following surgery to repair his hernia. He could point to no specific event from which his back injury arose, nor did he present any medical evidence to refute the determination of the Chief of the Municipal

---

[2] Regulation 32.022 reads as follows:

32.022 DISABILITY—a physical or mental condition caused by accident or occupational disease, including heart and lung ailments, which is service-connected and prevents an employee from performing his regular duties. Disability does not include any condition which is self-inflicted or caused by another for person [sic] for reasons personal to the employee and not because of his employment.

Medical Dispensary that he suffered from a degenerative condition. The only medical evidence introduced below was offered by the City of Philadelphia. The Department submitted evidence that the claimant was involved in an off-duty automobile accident in June 1969 and subsequently was treated by three physicians for acute cervical strain, acute lumbosacral strain, acute low back strain, and degenerative changes of the cervical and lumbar column.

The claimant further contends that the Commission violated his constitutional rights by refusing his request that an impartial medical board be empaneled to review the medical evidence. A disabled employee has a right to ask that a medical board review the initial determination of disability. That request, however, must be filed in writing not later than 15 days after the employee receives notice of the determination made by the Chief of the Municipal Medical Dispensary.[3] The claimant made no such written request. The claimant cites no authority to support his contention that an impartial medical board must be empaneled for Commission hearings, nor are we aware of any such requirement.

Order affirmed.

### ORDER

AND Now, this 17th day of July, 1981, the order of the Court of Common Pleas of Philadelphia County, denying the appeal of Nicola Santini, is hereby affirmed.

---

[3] Regulation 32.0312 reads as follows:

32.0312 The disabled employee or the appointing authority has the right to ask that a Medical Board review the determination of disability. This request, in writing, must be filed with the Director not later than fifteen (15) days after receipt by the employee of a written notice from the Director of such determination made by the Chief of Municipal Medical Dispensary.

Judge WILKINSON, JR. did not participate in the decision in this case.