Patrick E. Hart, Appellant *v.* Civil Service Commission of Philadelphia, Appellee.

Submitted on briefs December 13, 1982, to President Judge CRUMLISH, JR. and Judges ROGERS and MACPHAIL, sitting as a panel of three.

*Stanley M. Shingles,* for appellant.

*Robert E. Silverman,* Assistant City Solicitor, with him *Judith N. Dean,* Deputy City Solicitor, and *Alan J. Davis,* City Solicitor, for appellee.

OPINION BY JUDGE MACPHAIL, March 21, 1983:

Patrick E. Hart (Appellant) appeals here from an order of the Court of Common Pleas of Philadelphia County affirming the decision of the Civil Service Commission of Philadelphia (Commission) which denied him disability benefits on the basis that his injury was not service-connected.

On May 2, 1977, Appellant, a Philadelphia police officer, patronized a Philadelphia tavern while off duty. Appellant became engaged in a conversation with another patron, Mr. John McGlone, while sitting at the bar. This conversation developed into an argument. McGlone then went to the rear of the bar where he began to argue with Mr. George Doman, another patron, who sided with Appellant in the argument. A scuffle erupted between McGlone and Doman. Appellant interceded and led McGlone away from Doman, and out of the bar. McGlone yelled, "I'll be back. This ain't the end of this." Shortly thereafter, McGlone returned to the bar armed with a knife and went to Doman's table. Appellant, seeing that McGlone was about to stab Doman, grabbed McGlone's arm. McGlone turned around and stabbed Appellant in the chest. He then stabbed Doman. At no time did Appellant identify himself as a police officer.

Appellant has not worked as a police officer since the day before the stabbing incident. Appellant sought disability benefits, pursuant to Regulation 32[1] of the Philadelphia Civil Service Commission, which were denied following administrative review by the police department. The Commission in its affirmance held the issues of credibility[2] against Appellant finding that when they considered the testimony of the witness as a whole, "appellant crossed the line from being an observer into being a participant." The Commission further found that Appellant was not acting in his capacity as a police officer when he was injured and, therefore, was not entitled to disability benefits. The trial court affirmed the Commission's order holding that the Commission's findings were supported by substantial evidence and that there were no errors of the law nor were there any violations of Appellant's constitutional rights.

To establish eligibility for benefits under Regulation 32, the burden is upon the Claimant, Appellant here, to prove that he has suffered a service-connected accident which caused the alleged disability. *City of Philadelphia v. Hays*, 13 Pa. Commonwealth Ct. 621,

---

[1] Regulation 32.022 defines disability as:

[A] physical or mental condition caused by accident or occupational disease, including heart and lung ailments, which is *service-connected* and prevents an employee from performing his regular duties. *Disability does not include any condition* which is self-inflicted or *caused by another person for reasons personal to the employee* and not because of his employment. (Emphasis added.)

[2] When dealing with conflicting evidence, it is well established that questions of credibility arising in a Civil Service Commission hearing are to be determined by the Commssion, and that a reviewing court may not substitute its conclusions in reviewing the Commission. *Leroi v. Philadelphia Civil Service Commission*, 34 Pa. Commonwealth Ct. 190, 382 A.2d 1260 (1978). We are satisfied with the Commission's factual findings and find no capricious disregard of evidence.

320 A.2d 406 (1974). Since Appellant failed to meet his burden of proof below, we are mindful that our review is limited to a determination of whether the Commission's findings are consistent with each other and with the conclusions of law, and whether they may be sustained without capricious disregard of the evidence. *Santini v. Civil Service Commission*, 60 Pa. Commonwealth Ct. 612, 432 A.2d 301 (1981).

The record establishes that the Commission did not capriciously disregard[3] competent evidence in finding that Appellant failed to prove his injuries were service-connected.[4] The evidence shows that at the time Appellant was stabbed by McGlone he was acting in his own behalf for personal reasons. It was his personal involvement with McGlone and Doman that caused Appellant to participate in the situation. Under such circumstances, Appellant cannot successfully contend that he was an observing police officer, who answered the call of duty.[5] Appellant's injuries, therefore, are not service-connected.

[3] A capricious disregard of evidence is a willful and deliberate disregard of competent testimony and relevant evidence which one of ordinary intelligence could not possibly have avoided in reaching the result. *Transue v. Falk's Food Basket of Philadelphia*, 27 Pa. Commonwealth Ct. 156, 365 A.2d 894 (1976).

[4] Because of the remedial nature of both Regulation 32 and The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §1-1603, and their similarity of purpose, cases brought under Regulation 32 must be considered in light of cases which have arisen previously involving similar substantive matters under the Act. *Hays.*

[5] Appellant's brief refers to a document called the Policeman's Manual. This document, however, was not offered into evidence and is not a part of the certified record. This Court is confined in its review to the record before it and must exclude matters or facts asserted in briefs. *Department of Transportation v. Greisler Brothers*, 68 Pa. Commonwealth Ct. 493, 449 A.2d 832 (1982). Consequently, the Policeman's Manual could not be considered in determining whether Appellant's off-duty involvement in the incidents of this case resulted in a service-connected injury.

Order affirmed.

ORDER

It is ordered that the order of the Court of Common Pleas of Philadelphia County, dated August 15, 1980 and numbered 3140, is hereby affirmed.